UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Sepia Vonnetta Blackstock, | ) | C/A No. 4:17-cv-02097-RBH-KDW |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Walgreens, | ) | |
| Defendant. | ) | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.  Factual Background

Sepia Vonnetta Blackstock ("Plaintiff"), sues Defendant Walgreens, a "Drug Store Chain" in Hartsville, South Carolina, alleging that Defendant participated in identity theft when it used her personal information and her e-mail account with her mother's "balance rewards account." Compl. 2, 5, ECF No. 1. She states that her claim is covered by this court's federal-question jurisdiction and states that she is suing under the federal Identity Theft and Assumption Deterrence Act. *Id*. at 3.[1] Plaintiff seeks injunctive relief and $30.00 in actual and $5000.00 in punitive damages. *Id*. at 5.

II. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review

---

[1] 18 U.S.C. § 1028.

has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III.  Discussion

Plaintiff's Complaint should be summarily dismissed because there is no right of civil action under 18 U.S.C. § 1028, the criminal act on which Plaintiff relies for federal jurisdiction. *See, e.g.*, *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299 (E.D.N.Y. 2004) (18 U.S.C. § 1028 does not provide a civil right of action); *Razzi v. Nimler*, No. 5:14-cv-447-Oc-22PRL, 2014 WL 5038337 (M.D. Fla. Sept. 12, 2014) ("The federal identity theft statute, the Identity Theft and Assumption Deterrence Act of 1998, 18 U.S.C. § 1028, is criminal in nature and provides no civil cause of action or civil remedy."); *Lucas-Cooper v. Palmetto GBA*, No. 1:05-cv-00959, 2006 WL 2583407 (N.D. Ohio 2006) (same); *Booth v. Equifax Credit Information Services, Inc.*, No. Civ. 01-39-JO, 2001 WL 34736212 (D. Or. 2001) (same). There is no federal civil action for identity theft. *See Burroughs v. Burroughs*, No. 3:11-2133-JFA-PJG, 2011 WL 5024180, at *2 (Sept. 30, 2011), *report and recommendation adopted*, 2011 WL 5024169 (D.S.C. Oct. 20, 2011).

Plaintiff does not include any allegations concerning diversity jurisdiction to which any of South Carolina's identity theft statutes apply. *See* S.C. Code Ann. § 16-13-510 through 530. In any event, any such allegations would not state a plausible diversity action because "no private civil action for 'identity theft' appears to be made available in any of those statutes." *Burroughs v. Burroughs*, No. CA 3:11-2133-JFA-PJG, 2011 WL 5024180, at *2 n.2 (D.S.C. Sept. 30, 2011) (citing *Huggins v. Citibank, N.A.,* 585 S.E.2d 275 (S.C. 2003)), *report and recommendation adopted,* No. CA 3:11-2133-JFA-PJG, 2011 WL 5024169 (D.S.C. Oct. 20, 2011).

IV.   Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice. See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

September 1, 2017  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).